# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PATRICK JOSEPH MILLER,**

    Plaintiff,

vs.                                                       Case No. 4:09cv103-RH/WCS

**DELLA ANNE GRIFFIN HARRELL,**
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on March 19, 2009.  Doc. 1.  Because the complaint was insufficient to state a claim, Plaintiff was directed to file an amended complaint.  Doc. 4.  Plaintiff was advised that a civil rights action could not be used to seek release from incarceration or detention, and informed that he had not provided any facts showing how any Defendant violated his rights.  *Id.*  Plaintiff responded to that order, doc. 6, but it was unclear whether Plaintiff would be filing the amended complaint as directed.  Thus, another order was entered advising Plaintiff that his response was insufficient and he was against directed to file the amended complaint.  Doc. 7.  In response to that order, doc.

7, Plaintiff filed another response, which was a motion requesting this case be stayed or postponed. Doc. 8. Plaintiff sought the stay until his "trial [was] over" and he had "access to a law library." *Id.* Plaintiff indicated he had trials pending in both Wakulla County and Leon County. *Id.*

Having reviewed docs. 1, 6, and 8, the initial complaint was reviewed again. Doc. 1. Plaintiff made only the barest of allegations, alleging he was being "held in jail based on hearsay" and claiming he was illegally detained, doc. 1, but the picture that emerged was clear. Plaintiff was advised that "a claim that one is being detained in jail until trial . . . is due to a court order and cannot be challenged here." Doc. 9. Moreover, the order clarified for Plaintiff that one cannot seek release from an alleged unlawful detention through a civil rights action as that is only possible through the filing of a habeas petition. *Id.* Finally, Plaintiff was advised that his claim for malicious prosecution was not ripe until *after* Plaintiff's cases went to trial, that it was not possible to stay this case, and Plaintiff was urged to voluntarily dismiss this action. *Id.*

Plaintiff has now filed a two-page "amended complaint." Doc. 10. Plaintiff contends that the charges against him in Leon County went to trial on May 21, 2009, and he was found not guilty. Doc. 10, p. 1. Plaintiff still is facing charges in Wakulla County and, thus, is still in detention. Moreover, Plaintiff presents no factual allegations showing the violation of any constitutional right. Plaintiff brings no claim or facts concerning the Defendant or Defendants, and because Plaintiff does not even properly list the Defendants, it is not even clear who the Defendants are in this case. The amended complaint is insufficient to state a claim and considering Plaintiff initiated this

case while facing charges, and continues to face criminal charges, this case is not ripe for judicial review.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), the Supreme Court concluded that the district court had improperly stayed the inmate's civil rights case while he "sought restoration of his good-time credits." 520 U.S. at 649. Because § 1983 does not contain a "judicially imposed exhaustion requirement . . . absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." Id. The same reasoning is true when requesting a stay so that Plaintiff could, *hopefully*, obtain a verdict favorable to Plaintiff such that he could pursue a claim for malicious prosecution. Plaintiff's state criminal proceedings have only partially concluded, and he still faces charges in Wakulla County, Florida. Plaintiff's malicious prosecution claim is not ripe.

State law governs a § 1983 claim based on malicious prosecution.[1] Eidson v. Arenas, 910 F. Supp. 609, 613 (M.D. Fla. 1995); Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Under Florida law, to prevail in a malicious prosecution action a plaintiff must establish that:  (1) an original criminal or civil judicial proceeding was commenced against the present plaintiff;  (2) the present defendant was the legal cause of the original proceeding against the present plaintiff;  (3) a bona fide termination of the original proceeding in favor of the present plaintiff;  (4) an absence of probable cause for the original proceeding;  (5) the presence of malice on the part of the present defendant;  and (6) the plaintiff suffered damage as a result of the original proceeding.

---

[1] The right to be free from malicious prosecution is founded upon the Fourth Amendment. Uboh v. Reno, 141 F.3d 1000, 1003 (11th Cir. 1998).

Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994); *see also* Heck v. Humphrey, 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994) (finding "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). A plaintiff's inability to satisfy any one of these six elements defeats the action. Alamo, 632 So. 2d at 1355; Scozari v. Barone, 546 So. 2d 750, 751 (Fla. 2d DCA 1989). Until the state criminal proceedings have concluded, Plaintiff cannot demonstrate the "bona-fide termination requirement" which means "the termination was not bargained for or obtained by the accused upon a promise of payment or restitution." Union Oil of California Amsco Div. v. Watson, 468 So. 2d 349, 353 (Fla. 3d DCA 1985); Freedman v. Crabro Motors, Inc., 199 So. 2d 745 (Fla. 3d DCA 1967).

Here, Plaintiff is still facing charges and this case is not ripe. Moreover, the amended complaint fails to present any factual allegations supporting *any* constitutional claim. This action should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 22, 2009.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**